IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF TENNESSEE
GREENVILLE DIVISION

| | |
|---|---|
| ALPHARMA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| BOEHRINGER INGELHEIM | ) |
| VETMEDICA, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff Alpharma, Inc. for its Complaint against Defendant Boehringer Ingelheim Vetmedica, Inc. states as follows:

### I. THE PARTIES

1. Plaintiff Alpharma, Inc. ("Alpharma") is a Delaware corporation with its principal place of business located at 400 Crossing Boulevard, Bridgewater, NJ 08807. Alpharma is a subsidiary of King Pharmaceuticals, Inc.

2. Upon information and belief, Defendant Boehringer Ingelheim Vetmedica, Inc. ("Defendant) is a Delaware corporation with its principal place of business located at 2621 N. Belt Highway, St. Joseph, Missouri 64506. Upon information and belief, Defendant does business in the State of Tennessee including in this District. Its registered agent for service of process in Tennessee is CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929.

## II. NATURE OF ACTION

3. This is an action for trademark infringement arising under Section 32 of the Trademark Act of 1946 ("the Lanham Act"), as amended, 15 U.S.C. § 1114; unfair competition, false designation of origin, false description, and dilution arising under Section 43 of the Lanham Act, as amended, 15 U.S.C. § 1125; common law trademark infringement and unfair competition under Tennessee law; trademark infringement under the Tennessee Trademark Act; violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.*; and unjust enrichment under Tennessee law.

## III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 as it involves a federal question; under 28 U.S.C. § 1338 as it involves claims under the Lanham Act; and under 28 U.S.C. § 1332 as the action is between citizens of different States and the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.00. This Court has supplemental jurisdiction over the claims that arise under Tennessee law pursuant to 28 U.S.C. § 1367(a) in that they are substantially related to the claims that arise under the Lanham Act of the United States. Furthermore, this Court has supplemental jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial.

5. This Court has general personal jurisdiction over Defendant based on Defendant's continuous and systematic minimum contacts with residents of Tennessee through the distribution and sale of its products in Tennessee and its sales representative's promotion and marketing activities in Tennessee. This Court also has specific personal jurisdiction over Defendant based on its purposeful direction of its promotional and advertising activities and

sales of its products to residents and customers in Tennessee. Further, this Court has personal jurisdiction under Tenn. Code Ann. § 20-2-201 *et seq.*, because (1) Defendant has transacted business in Tennessee; (2) the tortious acts or omissions occurred in Tennessee; (3) the damages occurred in Tennessee to a Tennessee corporation; and (4) jurisdiction based on Defendant's contacts with Tennessee (including, but not limited to, sales of products) is not inconsistent with the Constitution of the State of Tennessee or the Constitution of the United States.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1391(c) and because a substantial part of the events giving rise to these claims arose in this District, Defendant is deemed to reside in this District, and Defendant is subject to personal jurisdiction pursuant to the Tennessee's long arm statute, Tenn. Code Ann. § 20-2-201 *et seq.*

## IV. THE CONTROVERSY

### A. ALPHARMA'S AUREOMYCIN® TRADEMARK

7. Alpharma is a global specialty pharmaceutical company and leader in the development, registration, manufacturing and marketing of pharmaceutical products and technologies for food producing animals.

8. Alpharma is among the world's leading producers of specialty pharmaceutical-grade bulk antibiotics and is internationally recognized as a leading provider of pharmaceutical products for animal health.

9. Alpharma has developed substantial good will and a well-known reputation for high quality and reliable products in the animal health industry.

10. Since as early as December 13, 1953, Alpharma or its predecessors in interest have used the trademark AUREOMYCIN® in connection with the marketing, distribution, sale, and/or offering for sale in interstate commerce of antibiotics.

- 3 -

11. Alpharma is the exclusive owner of a federal trademark registration, U.S. Reg. No. 639,933 for the trademark "AUREOMYCIN" for use in connection with "antibiotic – namely, chlortetracycline" (the "'933 Registration"). A copy of the '933 Registration is attached hereto as Exhibit 1.

12. The '933 Registration is valid, subsisting, enforceable, and incontestable.

13. At all times relevant herein, Alpharma has marketed, offered for sale, and sold the goods identified above in interstate commerce under the AUREOMYCIN® trademark.

14. Alpharma's AUREOMYCIN® trademark has acquired substantial goods will and reputation with consumers and is a valuable asset of Alpharma.

15. Alpharma has made substantial sales of products under the AUREOMYCIN® trademark.

### B. DEFENDANT'S INFRINGING USE OF AUREOMYCIN®

16. Upon information and belief, Defendant recently began marketing, distributing, offering for sale, and/or selling antibiotic products under the names AUREOMYCIN® Soluble Powder Concentrate and AUREOMYCIN® Sulmet (collectively, the "infringing AUREOMYCIN® marks"). True and correct copies of web pages displaying the infringing AUREOMYCIN® marks from Defendant's website located at www.bi-vetmedica.com are attached hereto as collective Exhibit 2.

17. Upon information and belief, Defendant has in the past and is continuing to market, distribute, offer for sale and/or sell antibiotic products under the infringing AUREOMYCIN® marks in interstate commerce without Alpharma's permission or authorization.

- 4 -

Case 2:09-cv-00256   Document 1   Filed 11/13/09   Page 4 of 14

18. Alpharma provided notice to Defendant if its unlawful use of the infringing AUREOMYCIN® marks and demanded that it cease such use via a letter dated October 27, 2009. A true and correct copy of the October 27th letter is attached hereto as Exhibit 3.

19. At the present time, Alpharma's AUREOMYCIN® products are sold in competition with Defendant's products sold under the infringing AUREOMYCIN® marks.

## V. CAUSES OF ACTION

### COUNT I

### INFRINGEMENT OF ALPHARMA'S FEDERALLY REGISTERED AUREOMYCIN® TRADEMARK

20. Alpharma incorporates the preceding paragraphs as though fully set forth herein.

21. Defendant has infringed and continues to infringe Alpharma's federally registered AUREOMYCIN® trademark in interstate commerce by using the mark without Alpharma's permission or authority.

22. Defendant's continued use of the infringing AUREOMYCIN® marks without Plaintiff's permission or authority has caused and is likely to continue to cause confusion, mistake, and/or deception in the purchasing public.

23. The aforementioned use of the infringing AUREOMYCIN® marks or variants thereof has been made notwithstanding Plaintiff's well-known and prior established rights in its AUREOMYCIN® trademark.

24. Defendant's acts constitute trademark infringement of Alpharma's AUREOMYCIN® trademark in violation of the Federal Trademark Act of 1946, specifically 15 U.S.C. § 1114(1).

25. Upon information and belief, Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to

Alpharma's business, reputation and good will in its AUREOMYCIN® trademark, for which Alpharma has no adequate remedy at law.

26. Alpharma is entitled to all available remedies provided by 15 U.S.C. §§ 1114, 1116, 1117, and 1118, including preliminary and permanent injunctive relief; Defendant's profits; any damages sustained by Alpharma; costs; and other equitable relief.

27. Pursuant to 15 U.S.C. § 1117, Alpharma seeks judgment for three times the amount of Defendant's profits or Alpharma's damages, whichever is greater, due to the nature of Defendant's conduct.

28. This is an exceptional case under 15 U.S.C. § 1117 such that Alpharma is entitled to its reasonable attorneys' fees.

## COUNT II

### FEDERAL UNFAIR COMPETITION RELATED TO ALPHARMA'S AUREOMYCIN® TRADEMARK

29. Alpharma incorporates the preceding paragraphs as though fully set forth herein.

30. Defendant has used names and marks which are identical or confusingly similar to Alpharma's AUREOMYCIN® trademark with the intent to deceive the public into believing that goods and services offered or sold by Defendant are made by, approved by, sponsored by, connection with, or affiliated with Alpharma.

31. Defendant's acts as alleged herein were committed with the intent to pass off Defendant's goods and services as the goods and services of Alpharma, and with the intent to deceive and defraud the public.

32. Defendant's acts constitute unfair competition and passing off, and have caused Alpharma damages, including, without limitation, lost profits, harm to reputation, and costs to remediate the confusion and harm to Alpharma's goodwill and reputation caused by Defendant.

33. Defendant's acts constitute violations of Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. §1125(a).

34. Alpharma is entitled to all available remedies provided by 15 U.S.C. §§ 1114, 1116, 1117, 1118, and 1125, including preliminary and permanent injunctive relief; Defendant's profits; any damages sustained by Alpharma; and other equitable relief.

35. Pursuant to 15 U.S.C. § 1117, Alpharma seeks judgment for three times the amount of Defendant's profits or Alpharma's damages, whichever is greater, due to the nature of Defendant's conduct.

36. This is an exceptional case under 15 U.S.C. § 1117 such that Alpharma is entitled to its reasonable attorneys' fees.

## COUNT III

### FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION REGARDING THE AUREOMYCIN® TRADEMARK

37. Alpharma incorporates the preceding paragraphs as though fully set forth herein.

38. Defendant has used the infringing AUREOMYCIN® marks in interstate commerce.

39. Defendant's use of the infringing AUREOMYCIN® marks constitutes a false designation of origin which is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Alpharma and as to the origin, sponsorship, or approval of Defendant's goods by Alpharma.

40. Defendant's acts are in violation of Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125 in that Defendant has used in connection with its goods and services a false designation of origin, or a false or misleading description and representation of fact, which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation,

connection, or association of Defendant with Alpharma and as to the origin, sponsorship, and approval of Defendant's goods, services, and commercial activities by Alpharma.

41. Alpharma is entitled to all available remedies provided by 15 U.S.C. §§ 1114, 1116, 1117, 1118, and 1125, including preliminary and permanent injunctive relief; Defendant's profits; any damages sustained by Alpharma; and other equitable relief.

42. Pursuant to 15 U.S.C. § 1117, Alpharma seeks judgment for three times the amount of Defendant's profits or Alpharma's damages, whichever is greater, due to the nature of Defendant's conduct.

43. This is an exceptional case under 15 U.S.C. § 1117 such that Alpharma is entitled to its reasonable attorneys' fees.

## COUNT IV

### DILUTION OF PLAINTIFF'S AUREOMYCIN® MARK

44. Alpharma incorporates the preceding paragraphs as though fully set forth herein.

45. The AUREOMYCIN® trademark is famous as a result of (1) the duration, extent, and geographic reach of advertising and publicity of the mark; (2) the amount, volume, and geographic extent of services offered under the marks; (3) the extent of actual recognition of the marks; and (4) the registration of the marks on the Principal Register.

46. Defendant's use of the infringing AUREOMYCIN® marks has created an association(s) that impairs the actual or acquired distinctiveness of the AUREOMYCIN® trademark, which has resulted in dilution by blurring under 15 U.S.C. § 1125(c).

47. Defendant's use of the AUREOMYCIN® trademark has created an association(s) that harm the reputation of the AUREOMYCIN® trademark, which has resulted in dilution by tarnishment under 15 U.S.C. § 1125(c).

48. Alpharma is entitled to all available remedies provided by 15 U.S.C. §§ 1114, 1116, 1117, 1118, and 1125, including preliminary and permanent injunctive relief; Defendant's profits; any damages sustained by Alpharma; and other equitable relief.

49. Pursuant to 15 U.S.C. § 1117, Alpharma seeks judgment for three times the amount of Defendant's profits or Alpharma's damages, whichever is greater, due to the nature of Defendant's conduct.

50. This is an exceptional case under 15 U.S.C. § 1117 such that Alpharma is entitled to its reasonable attorneys' fees.

## COUNT V

### TRADEMARK INFRINGEMENT UNDER TENNESSEE COMMON LAW REGARDING THE AUREOMYCIN® TRADEMARK

51. Alpharma incorporates the preceding paragraphs as though fully set forth herein.

52. Alpharma is the owner of the common law trademark rights in the AUREOMYCIN® trademark, which is well known, distinctive and recognized as denoting high quality goods and services to the purchasing public throughout Tennessee and the United States. Due to such reputation and public awareness, Alpharma has established valuable good will in connection with its common law AUREOMYCIN® trademark.

53. Defendant's use of the infringing AUREOMYCIN® marks in Tennessee, which has caused confusion with Alpharma's common law AUREOMYCIN® trademark, is likely to cause confusion or mistake and have and will deceive the public into associating Defendant's goods with Alpharma.

54. Alpharma is entitled to all available remedies provided by common law including preliminary and permanent injunctive relief; Defendant's profits; any damages sustained by Alpharma; and costs.

- 9 -

55. Alpharma is entitled to punitive damages because Defendant's conduct was intentional, willful, malicious, or made with reckless disregard for the rights of others.

## COUNT VI

### TRADEMARK INFRINGEMENT OF THE AUREOMYCIN® TRADEMARK UNDER THE TENNESSEE TRADEMARK ACT

56. Alpharma incorporates the preceding paragraphs as though fully set forth herein.

57. Alpharma's AUREOMYCIN® trademark is distinctive or has acquired a secondary meaning.

58. Defendant, with full knowledge of the public recognition of Alpharma's famous AUREOMYCIN® trademark, or in bad faith, intended to and willfully traded on goodwill associated with Alpharma's AUREOMYCIN® trademark.

59. Defendant's acts, including its use of the infringing AUREOMYCIN® marks, have created a likelihood of dilution of the distinctive quality of Alpharma's AUREOMYCIN® trademark and a likelihood of injury to Alpharma's business reputation.

60. Defendant's acts constitute violations of Tenn. Code Ann. § 47-25-513(a) and (b).

61. Alpharma is entitled to all available remedies provided by Tenn. Code Ann. § 47-25-514, including preliminary and permanent injunctive relief; Defendant's profits; any damages sustained by Alpharma; costs; and other equitable relief.

62. Pursuant to Tenn. Code Ann. § 47-25-514, Alpharma seeks judgment for three times the amount of Defendant's profits and/or Alpharma's damages, whichever is greater, due to the nature of Defendant's conduct.

63. Pursuant to Tenn. Code Ann. § 47-25-514, Alpharma is entitled to its reasonable attorneys' fees.

## COUNT VII

### UNFAIR COMPETITION IN RELATION TO DEFENDANT'S USE OF THE INFRINGING AUREOMYCIN MARKS UNDER TENNESSEE COMMON LAW

64. Alpharma incorporates the preceding paragraphs as though fully set forth herein.

65. Defendant's adoption and use of the infringing AUREOMYCIN® marks in Tennessee constitutes unlawful appropriation of Alpharma's exclusive rights in and to the AUREOMYCIN® trademark and such unauthorized use has caused and is causing damage and irreparable injury to Alpharma.

66. Defendant's foregoing acts constitute unfair competition and infringement of Alpharma's common law rights for which Alpharma has no adequate remedy at law.

## COUNT VIII

### TENNESSEE'S CONSUMER PROTECTION ACT VIOLATIONS IN RELATION TO DEFENDANT'S USE OF THE INFRINGING AUREOMYCIN MARKS

67. Alpharma incorporates the preceding paragraphs as though fully set forth herein.

68. Defendant's acts constitute unfair and/or deceptive practices in violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.*

69. Defendant's use of the infringing AUREOMYCIN® marks in Tennessee have caused and are likely to continue to cause consumer confusion or mistake as to the affiliation, connection and/or association of Defendant's goods with Alpharma and into falsely believing that Defendant's products and services originated with or are sponsored by or are approved by Alpharma.

70. Defendant's actions and/or omissions constitute unfair and/or deceptive practices in violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.*, including, but not limited to:

- Representing that goods or services have sponsorships, approval, characteristics, ingredients, uses, benefits or quantities that they do not have (Tenn. Code Ann. § 47-18-104(5));

- Using statements or illustrations in any advertisement which create a false impression of the grade, quality, quantity, make, value, age, size, color, usability or origin of the goods offered in such a manner that later, on the disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised goods or services to other goods or services (Tenn. Code Ann. § 47-18-104(21)); and

- Engaging in any other act or practice which is deceptive to the consumer or to any other person (Tenn. Code Ann. § 47-18-104(27)).

71. Defendant's acts are and were willful and knowing, thus entitling Alpharma to all available remedies pursuant to the Tennessee Consumer Protection Act, including but not limited to injunctive relief, damages, treble damages, attorney fees, costs, pre-judgment interest, post-judgment interest, and other equitable relief.

## COUNT IX

### UNJUST ENRICHMENT IN RELATION TO DEFENDANT'S USE OF THE INFRINGING AUREOMYCIN MARKS

72. Alpharma incorporates the preceding paragraphs as though fully set forth herein.

73. Defendant has unjustly benefited from using the infringing AUREOMYCIN® marks in commerce to lure and appropriate Alpharma's customers, and it would be inequitable for it to retain the benefit of such acts without repayment of the value thereof.

74. As a result of Defendant's unjust enrichment, Alpharma has been damaged in an amount to be determined at trial, plus accrued interest to the date of the judgment, its attorneys' fees and costs.

## VI.     REQUEST FOR RELIEF

Wherefore, Alpharma requests the following relief:

1. That judgment enter in favor of Alpharma against Defendant as to each of the above Counts;

2. That Alpharma be awarded all relief to which it is entitled under 15 U.S.C. §§ 1111 *et seq.*; Tenn. Code Ann. §§ 47-18-101 *et seq.*; and Tennessee common law.

3. That Defendant, its officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, shall be temporarily restrained and preliminary enjoined from using AUREOMYCIN® or any variant thereof (including, but not limited to, in combination with other words or phrases).

4. That Defendant be directed to file with this Court and serve on Alpharma within ten (10) days after the service of a temporary restraining order, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the temporary restraining order.

5. That Defendant be directed to file with this Court and serve on Alpharma within thirty (30) days after the service of a preliminary injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction.

6. That, at conclusion of trial, Defendant, its officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, be forthwith permanently enjoined from the acts that Alpharma requests to be temporarily restrained and preliminary enjoined in ¶ 3 immediately above.

7. That, at conclusion of trial, Defendant be directed to deliver up and destroy all packaging, containers, devices, products, literature, advertising and any other material

(including, but not limited to, its websites) bearing the trademark AUREOMYCIN® or variants thereof.

8. That Defendant be directed to publish and distribute corrective advertising to reduce the effects of its unlawful use of AUREOMYCIN® or variants thereof.

9. That Defendant's acts be deemed exceptional under 15 U.S.C. § 1117.

10. That Alpharma be awarded a judgment against Defendant for monetary damages based on Defendant's profits, Alpharma's damages, treble damages, punitive damages, reasonable attorney fees, litigation expenses, costs, pre-judgment interest, post-judgment interest, and other equitable relief;

11. That Alpharma be awarded such other and further relief as this Court deems just and proper.

Respectfully submitted,

Samuel F. Miller (TN BPR No. 22936)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 577-2175
Facsimile: (901) 577-4227
Email: smiller@bakerdonelson.com